ISSUED

2003 OCT 16 PM 4:29

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DIRECTV, INC.,<br>2230 E. Imperial Highway<br>El Segundo, California 90245<br><br>Plaintiff,<br><br>v.<br><br>THOMAS JOHNSON,<br>1221 Chelton Drive<br>Kent, OH 44240<br><br>Defendant. | CASE NO. 5:03CV2124<br>JUDGE JUDGE ECONOMUS<br>MAG. JUDGE GALLAS<br><br>**COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND FOR INJUNCTIVE RELIEF** |

Plaintiff DIRECTV, Inc., through its attorneys, alleges as follows:

**INTRODUCTION**

1. Plaintiff DIRECTV is the nation's leading direct broadcast satellite company, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States. DIRECTV's television programming currently includes major cable networks, studio movies and special events programming, as well as a variety of sports and other special interests programming. DIRECTV, a California corporation, has invested more than $1.25 billion to develop its direct broadcast satellite system.

2. DIRECTV encrypts – electronically scrambles – its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming. DIRECTV offers its television programming to residential and business customers on a

subscription and pay-per-view basis only. Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (i.e., unscrambled) those channels to which the customer has subscribed or otherwise arranged to purchase from DIRECTV.

3. On or about December 11, 2001, DIRECTV executed Writs of Seizure issued by the United States District Court for the Central District of California upon business named "USA CardCleaners" located in New Jersey. USA CardCleaners' business enterprise focused on distributing electronic devices primarily designed for the surreptitious interception of satellite communications broadcast by DIRECTV. The raid revealed substantial information related to USA CardCleaners and its customers, including orders, invoices, electronic communications, shipping documentation, purchase receipts, credit card receipts and customer lists. USA CardCleaners' customers ordinarily placed orders over a website operated by USA CardCleaners, aptly named "usacardcleaners.com." The phrase "card cleaning" itself describes the removing of security measures from DIRECTV access cards specifically designed to prevent the interception of DIRECTV Satellite Programming. Additionally, because "cleaning" a card repairs damage done by prior illicit programming and use of the card, a business record showing that a customer ordered USA CardCleaners' services typically reflects the customer's active and successful illegal access to DIRECTV Satellite Programming for a period prior to the creation of the order. The business records obtained in the raid show defendant's purchases of Pirate Access Devices from USA CardCleaners, and in reliance on those records and other information, and upon information and belief, DIRECTV sets forth the allegations in this complaint.

4. Defendant is a resident of this District. DIRECTV alleges that defendant purchased and used Pirate Access Devices that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV.

5. Defendant's actions violate the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 and the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§2510-2521. DIRECTV brings this action to restrain these illegal activities against it.

## PARTIES

6. Plaintiff DIRECTV, Inc. is a corporation duly incorporated under the laws of the State of California. DIRECTV has significant interests in securing and maintaining the integrity of its satellite transmissions of television programming, and in prohibiting the unauthorized reception and use of the same.

7. Defendant Thomas Johnson is a resident of Kent, Ohio. Upon information and belief, beginning on or about May 2001, defendant Johnson purchased one or more Pirate Access Devices from USA CardCleamers. Defendant placed each order by using interstate or foreign wire facilities and received the orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

(a) On or about May 7, 2001, defendant Johnson purchased two Pirate Access Devices, consisting of two printed circuit board devices called "Boot Loader Boards," from Cardcleaners. The devices were shipped to defendant Johnson at the defendant's address in Kent, Ohio.

(b) On or about October 1, 2001, defendant Johnson purchased one Pirate Access Device, consisting of a printed circuit board device called a "Boot Loader Board," from

USA CardCleaners. The device was shipped to defendant Johnson at the defendant's address in Kent, Ohio.

**JURISDICTION AND VENUE**

8. This action arises under the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 and the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§2510-2521.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a), 47 U.S.C. §605(e)(3)(A), and 18 U.S.C. §2520(a).

10. Defendant is a resident of this District. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §1391(b).

**FIRST CLAIM**

**UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS IN VIOLATION OF 47 U.S.C. §605(a)**

11. Plaintiff DIRECTV repeats and realleges the allegations in the preceding paragraphs.

12. Defendant received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. §605(a).

13. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

14. Defendant knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress such continued violations. Unless restrained by this Court, defendant will continue to violate 47 U.S.C. §605(a).

## SECOND CLAIM

## UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS IN VIOLATION OF 18 U.S.C. §2511(1)(a)

15. Plaintiff DIRECTV repeats and realleges the allegations in the preceding paragraphs.

16. By using Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. §2511(1)(a).

17. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

18. Defendant knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV

has no adequate remedy at law to redress such continued violations. Unless restrained by this Court, defendant will continue to violate 18 U.S.C. §2511(1)(a).

## THIRD CLAIM

## POSSESSION OF PIRATE ACCESS DEVICES IN VIOLATION OF 18 U.S.C. §2512(1)(b)

19. Plaintiff DIRECTV repeats and realleges the allegations in the preceding paragraphs.

20. Defendant possessed and used Pirate Access Devices, knowing or having reason to know that the design of such devices render them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions of television programming, and that such devices, or any components thereof, have been or will be sent through the mail or transported in interstate or foreign commerce, in violation of 18 U.S.C. §2512(1)(b).

21. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

22. Defendant knew or should have known that possessing Pirate Access Devices was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress such continued violations. Unless restrained by this Court, defendant will continue to violate 18 U.S.C. §2512(1)(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DIRECTV requests that this Court grant the following relief:

(1) Find the defendant's conduct in importing, possessing and using Pirate Access Devices violates 47 U.S.C. §605(a) and 18 U.S.C. §§2511(1)(a) and 2512(1)(b), and further find that defendant's violations were willful, malicious or for a tortious or illegal purpose;

(2) In accordance with 47 U.S.C. §605(e)(3)(B)(i) and 18 U.S.C. §2520(b)(1), enjoin and restrain defendant, and persons controlled directly and indirectly by defendant, from importing, possessing, or using Pirate Access Devices and further order defendant to surrender all Pirate Access Devices;

(3) In the event of default, in accordance with 18 U.S.C.§2520(c)(2)(B) and 18 U.S.C. §2511, an award of statutory damages of $10,000.00 for each violation of 18 U.S.C. §2511(a)(2) alleged herein, and a further award of DIRECTV's reasonable attorneys' fees and costs in the amount of $850.00;

(4) In the event of trial, an award of either (a) statutory damages in accordance with 47 U.S.C. §605(e)(3)(C)(i)(II) and 18 U.S.C. §2520(c)(2) or (b) compensatory and punitive damages in accordance with 47 U.S.C. §605(e)(3)(C)(i)(I) and 18 U.S.C. §2520(c)(2) and DIRECTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C. §605(e)(3)(B)(iii) and 18 U.S.C. §2520(b)(3);

(5) For such additional relief as the Court deems just and equitable.

Respectfully submitted,

David A. Wallace (0031356)
ZEIGER & CARPENTER LLP
1600 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-4100 (Telephone)
(614) 365-9145 (Facsimile)
wallace@zclaw.com

Attorney for Plaintiff
DIRECTV, Inc.

**OF COUNSEL:**

Lucy B. Gilbert
Joshua J. Johnson
John H. Jamnback
YARMUTH WILSDON CALFO PLLC
PO Box 1110
Seattle, Washington 98111-1110
(206) 654-4125
(206) 654-4128 (fax)

419.135.144219